1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON**

8

| | |
|---|---|
| | No. |
| ADAM & KELSEY BESSER, | COMPLAINT |
| PLAINTIFFS, | **JURY DEMAND** |
| VS | |
| ESURANCE INSURANCE COMPANY & ALLSTATE INSURANCE COMPANY, | |
| DEFENDANTS. | |

9
10
11
12
13
14
15

## COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND BAD FAITH

16    NOW INTO COURT COMES Plaintiffs, Adam Besser and Kelsey Besser (hereinafter

17  collectively "Petitioners"), through undersigned counsel, who makes the following Complaint

18  against the Defendants, Esurance Insurance Company and Allstate Insurance Company d/b/a

19  Esurance Insurance Company (hereinafter collectively "Defendant" and/or "Defendants" and/or

20  "Esurance"), and respectfully averring as follows:

21
22                    **JURISDICTION AND VENUE**

23                              1.

24    The Plaintiffs, Adam Besser and Kelsey Besser,  are residents of Mason County. The

25  claims hereinafter stated arose in whole or part in Mason County, Washington, and the insured

26  premises is located in and suffered damage as a result of a wind and hail storm in Mason Country,

27

Washington; thus jurisdiction and venue in this Honorable Court is proper pursuant to the Washington Rules of Civil Procedure.

2.

The Defendant, **Esurance Insurance Company**, is a foreign insurance company domiciled in the State of Illinois, who upon information and belief is licensed to do business in and does business in Mason County, Washington, and may be served with process through its registered agent for service of process, CT CORPORATION SYSTEM at its address located at 711 Capitol Way S., Ste. 204, Olympia, WA 98501-1267.

3.

The Defendant, **Allstate Insurance Company d/b/a Esurance Insurance Company**, is a foreign insurance company domiciled in the State of Illinois, who upon information and belief is licensed to do business in and does business in Mason County, Washington, and may be served with process through its registered agent for service of process, CT CORPORATION SYSTEM at its address located at 711 Capitol Way S., Ste. 204, Olympia, WA 98501-1267.

4.

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. §§ 1332 and 1441 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds the minimum jurisdictional amount ($75,000.00). Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Plaintiff resides in this District and the property that is subject to the dispute between Plaintiff and Allstate is located in this District.

SKS LAW PLLC
8106 NE 141st Street
Kirkland, WA 98034
(206) 499-3877
sean@skslawllc.com

## FACTUAL BACKGROUND

5.

At all times relevant hereto, Petitioners owned the property located at 30 East Fox Lane, Shelton, WA 98584 (the "Property").

6.

At all times relevant hereto, Defendant provided a policy of insurance, policy number HPWAO10890053 (the "Policy") to Petitioners, which covered the Property against perils, including fires, and provided the following coverages: $290,337 for Dwelling; $14,517 for Other Structures; $116,135 for Personal Property; $14,517 for Loss of Use; *inter alia.*

7.

On or around March 13, 2023, a fire caused significant damages to Petitioners' Property.

8.

Petitioners promptly reported the loss(es) to Esurance, including personal property losses, who assigned claim number 230205139 (the "Fire Claim").

9.

Petitioners were forced to retain temporary housing and personal property storage due to the significant damages causing displacement from Petitioner's Property.

10.

Since Petitioners submitted their claims to Esurance, Esurance has inspected the property on multiple occasions and has received a sworn proof of loss as well as satisfactory proof of loss in the form of inspections performed by or on behalf of Esurance as well as multiple estimates and

SKS LAW PLLC
8106 NE 141st Street
Kirkland, WA 98034
(206) 499-3877
sean@skslawllc.com

photo reports proving the damage to the property as well as an engineer report proving that the roof and rafters need to be replaced from the public adjuster hired by Petitioners.

11.

At no point has Esurance timely, adequately, fairly, or properly adjuster Petitioner's claims for damages, in violation of Washington's bad faith laws and claims handling laws and consumer protection laws, including but not limited to RCW 48.30.015, RCW 48.30.010, WAC 284-30-330, WAC 284-30-360, WAC 284-30-370, and WAC 284-30-380, all of which are pled as if copied herein *in extenso*.

12.

As a result of Defendant's failure to timely and adequately compensate Petitioners for their covered losses, Petitioners were forced to incur the expense of retaining counsel and other expenses to prosecute the Claim.

13.

On or about October 24, 2023, Petitioners hired undersigned counsel in this matter, who sent a letter of representation to Esurance as well as a demand for Policy limits.

14.

To date, Defendant has not adequately compensated Petitioners for their substantial and covered losses, and Defendant has not compensated Petitioners for their Hurricane Ida losses. Further, Defendant has not adequately adjusted the losses.

15.

SKS LAW PLLC
8106 NE 141st Street
Kirkland, WA 98034
(206) 499-3877
sean@skslawllc.com

As a result of Defendant's failure to timely and adequately compensate Petitioners for their substantial losses, Petitioners, upon information and belief, have not been able to restore the Property completely to its pre-loss condition, to date.

16.

Upon information and belief, Defendant's failure to timely and adequately compensate Petitioners for their loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

17.

Upon information and belief, Defendant purposely and/or negligently misrepresented to Petitioners the terms and conditions of the Policy.

18.

Upon information and belief, Defendant conducted the investigation and claims handling for Petitioners' Claim(s) in bad faith, as that term is used in conjunction with Washington's bad faith laws and claims handling laws and consumer protection laws, including but not limited to RCW 48.30.015, RCW 48.30.010, WAC 284-30-330, WAC 284-30-360, WAC 284-30-370, and WAC 284-30-380, all of which are pled along with all laws of the State of Washington in any way pertaining to contracts, insurance policies, insurance claims, insurance claims handling, insurance policyholder rights, and consumer protections as if all were copied herein *in extenso*.

19.

Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value.

SKS LAW PLLC
8106 NE 141st Street
Kirkland, WA 98034
(206) 499-3877
sean@skslawllc.com

20.

Upon information and belief, Defendant purposely or at least negligently failed to produce an estimate of damages that included adequate overhead and profit.

21.

Petitioners have incurred and will continue to incur additional expenses in repairing the Property as a result of Defendant's failure to timely compensate Petitioners for their substantial and covered losses.

22.

Petitioners have incurred and/or will incur additional living expenses as a result of the damages caused to their Property.

22.

To-date, Petitioners have not been fully compensated for their substantial damages and losses by Defendant.

## CAUSES OF ACTION

**A.  Breaches of the Insurance Contract**

23.

Petitioners reallege and re-aver the allegations contained in paragraphs 1-22 above, as if restated herein.

24.

An insurance contract, the Policy, exists between Petitioners and Defendant.

25.

The Policy provides coverages for perils including hail fire and hurricanes.

26.

SKS LAW PLLC
8106 NE 141st Street
Kirkland, WA 98034
(206) 499-3877
sean@skslawllc.com

Despite having received satisfactory proof of loss for damages caused by the fire and by Hurricane Ida, Defendant failed to timely tender adequate insurance proceeds as required by the Policy.

27.

By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of its own inspection(s), Defendant breached the Policy.

28.

By purposely and/or negligently misrepresenting to Petitioners the terms and conditions of the Policy, Defendant breached the Policy.

29.

By failing to conduct the claims handling for Petitioners' Claim in good faith and with fair dealing, Defendant breached the Policy.

30.

By manipulating its pricing software to artificially suppress the cost of repairs below market value, Defendant breached the Policy.

31.

By failing to produce an estimate of damages including adequate overhead and profit, Defendant breached the Policy.

32.

By failing to investigate and/or inspect Petitioners' Claim, Defendant breached the Policy.

33.

Petitioners have suffered and continue to suffer damages as a result of these breaches of the Policy.

SKS LAW PLLC
8106 NE 141st Street
Kirkland, WA 98034
(206) 499-3877
sean@skslawllc.com

**B.      Bad Faith and Breaches of Duties of Good Faith and Fair Dealing**

34.

Petitioners reallege and re-aver the allegations contained in paragraphs 1-33 above as if restated herein.

35.

The actions and/or inactions of Defendant in failing to timely and adequately compensate Petitioners for the covered losses under the Policy were arbitrary, capricious, and without probable cause and constitute violations of Washington's bad faith laws and claims handling laws and consumer protection laws, including but not limited to RCW 48.30.015, RCW 48.30.010, WAC 284-30-330, WAC 284-30-360, WAC 284-30-370, and WAC 284-30-380, all of which are pled along with all laws of the State of Washington in any way pertaining to contracts, insurance policies, insurance claims, insurance claims handling, insurance policyholder rights, and consumer protections as if all were copied herein *in extenso*.

36.

Under Washington's bad faith laws and claims handling laws and consumer protection laws, including but not limited to RCW 48.30.015, RCW 48.30.010, WAC 284-30-330, WAC 284-30-360, WAC 284-30-370, and WAC 284-30-380, all of which are pled along with all laws of the State of Washington in any way pertaining to contracts, insurance policies, insurance claims, insurance claims handling, insurance policyholder rights, and consumer protections, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims

SKS LAW PLLC
8106 NE 141st Street
Kirkland, WA 98034
(206) 499-3877
sean@skslawllc.com

fairly and promptly; failing to pay a claim in a manner that is arbitrary, capricious, or without probable cause is in violation of Washington's bad faith laws and claims handling laws and consumer protection laws, including but not limited to RCW 48.30.015, RCW 48.30.010, WAC 284-30-330, WAC 284-30-360, WAC 284-30-370, and WAC 284-30-380, all of which are pled along with all laws of the State of Washington in any way pertaining to contracts, insurance policies, insurance claims, insurance claims handling, insurance policyholder rights, and consumer protections.

37.

[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of Washington's bad faith laws and claims handling laws and consumer protection laws, including but not limited to RCW 48.30.015, RCW 48.30.010, WAC 284-30-330, WAC 284-30-360, WAC 284-30-370, and WAC 284-30-380, all of which are pled along with all laws of the State of Washington in any way pertaining to contracts, insurance policies, insurance claims, insurance claims handling, insurance policyholder rights, and consumer protections.

38.

Washington's bad faith laws and claims handling laws and consumer protection laws, including but not limited to RCW 48.30.015, RCW 48.30.010, WAC 284-30-330, WAC 284-30-360, WAC 284-30-370, and WAC 284-30-380, all of which are pled along with all laws of the State of Washington in any way pertaining to contracts, insurance policies, insurance claims, insurance claims handling, insurance policyholder rights, and consumer protections impose bad

SKS LAW PLLC
8106 NE 141st Street
Kirkland, WA 98034
(206) 499-3877
sean@skslawllc.com

faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

39.

Defendant is in violation of Washington's bad faith laws and claims handling laws and consumer protection laws, including but not limited to RCW 48.30.015, RCW 48.30.010, WAC 284-30-330, WAC 284-30-360, WAC 284-30-370, and WAC 284-30-380, all of which are pled along with all laws of the State of Washington in any way pertaining to contracts, insurance policies, insurance claims, insurance claims handling, insurance policyholder rights, and consumer protections for failing to provide Petitioners adequate payment in connection with their Claim(s), despite having received satisfactory proof of loss following its own inspections and the inspections of an independent adjuster.

40.

Defendant's misrepresentation of the facts and/or the terms of the Policy was in bad faith and constituted a breach of Defendant's duties of good faith and fair dealing.

41.

Defendant's failure to timely pay for damages it knew, or should have known, existed at the time of the initial adjustment of the Claim(s) was in bad faith and constituted a breach of Defendant's duties of good faith and fair dealing.

42.

Defendant's manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith and constituted a breach of Defendant's duties of good faith and fair dealing.

43.

SKS LAW PLLC
8106 NE 141st Street
Kirkland, WA 98034
(206) 499-3877
sean@skslawllc.com

Defendant's failure to include adequate overhead and profit in its estimates of damages was in bad faith and constituted a breach of Defendant's duties of good faith and fair dealing.

44.

Defendant's handling of Petitioners' Claim was in bad faith and constituted a breach of Defendant's duties of good faith and fair dealing.

45.

Defendant's conduct was unreasonably, frivolous, or unfounded and constitutes insurance bad faith. Defendant is in violation of the provisions of the Unfair Claim Settlement Practices Regulation. Defendant is in violation of industry standards for the handling of insurance claims. The Bessers sustained damage as a result of Defendants' conduct. Defendant is liable for the Besser's consequential economic and noneconomic damages in addition to reasonable attorney fees and costs under *McGreevy v. Oregon Mutual Insurance Co.,* 128 Wn.2d 26, 37, 904 P.2d 731 (1995).

**C.     Negligent Claims Handling**

46.

The plaintiffs incorporate all the preceding paragraphs as if fully set forth herein. The conduct of the defendants described above was unreasonable, in violation of the Unfair Claim Settlement Practices Regulation, and constitutes negligent claims handling. The Besers sustained damage as a result of Defendant's conduct.

**D.     Consumer Protection Act**

47.

The plaintiffs incorporate all the preceding paragraphs as if fully set forth herein. Defendants engaged in unfair or deceptive acts or practices. Defendants' conduct occurred in

SKS LAW PLLC
8106 NE 141st Street
Kirkland, WA 98034
(206) 499-3877
sean@skslawllc.com

trade or commerce. Defendant is in violation of the Unfair Claims Settlement Practices

Regulation. Defendants' conduct affected the public interest. Defendants' conduct caused injury

to the Bagleys "business or property" under the Consumer Protection Act. The Beserss sustained

damage as a result of Traveler's conduct. Defendant's conduct violates the Washington

Consumer Protection Act. In addition to damages, Defendant is liable for attorney fees and costs

under RCW 19.86.090. The Court should order Defendant to pay enhanced damages under RCW

19.86.090.

### E.    Constructive Fraud

48.

The plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

Defendant's conduct herein constitutes constructive fraud.

### F.    Fraud

49.

The plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

Defendant' conduct herein constitutes fraud. During the course of plaintiffs' dealings with

Defendant, plaintiffs' relied on the implicit and explicit representations that the defendant would

pay for covered losses and that it would do so promptly and fairly. Defendant also represented

that waves caused the damage when it was impossible that this could be true.

These representations made by Defendant were false. Defendant had no intention to pay fairly

and misrepresented the cause of plaintiffs' loss to escape payment. Defendant knew or should

have known that its representations were false and would disadvantage the plaintiffs. Plaintiffs

were ignorant as to the falsity of the representations made by Defendant.

SKS LAW PLLC
8106 NE 141st Street
Kirkland, WA 98034
(206) 499-3877
sean@skslawllc.com

Plaintiffs relied on the truth of the referenced representations and placed their trust in defendant.

Plaintiffs suffered a loss and were harmed as a direct and proximate result of

their reliance on the representations of defendant. Plaintiffs have been damaged in an amount

that will be proved at trial.

**G.     Negligent/ Intentional Infliction of Emotional Distress**

50.

The plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

Defendant's conduct amounts to negligent or intentional infliction of emotional

distress. Mr. and Mrs. Besser sustained damage as a result. Defendants are liable for Mr. and

Mrs. Besser's damages.

**H.     Injunctive Relief**

51.

The plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

Mr. and Mrs. Besser assert a claim for injunctive relief under the Consumer Protection Act. The

Court should enjoin Defendant from further acts that violate the Washington Administrative

Code, the insurance code, or the Consumer Protection Act. Specifically, the Court should enter

an injunction that:

Prohibits Defendant from denying claims such as the Bessers' without adequate

analysis of the cause of loss; Prohibits Defendant form denying claims such as the Bessrer' for

reasons known to be false; Establishes sufficient controls within Defendant' claims department

to ensure honest, objective, and unbiased claim determinations; Requires re-training on unbiased

claims handling for all Washington property claims adjusters; and

Removes the adjusters assigned to the Bagley claim from all Washington claims

SKS LAW PLLC
8106 NE 141st Street
Kirkland, WA 98034
(206) 499-3877
sean@skslawllc.com

until properly re-trained. The Court should require that Defendant enact procedures by which the insurance company lives up to its legal obligations to its insureds. Defendant is liable for reasonable attorney fees and costs under RCW 19.86.090.

## I. Insurance Fair Conduct Act

52.

Plaintiffs incorporate all of the preceding paragraphs as if fully set forth herein. Plaintiffs are first party claimants to a policy of insurance. Defendant unreasonably denied a claim for coverage or payment of benefits. Defendant is in violation of the provisions of the Unfair Claims Settlement Practices regulation, namely those regulations set forth in RCW 48.30.015(5). Plaintiffs have sustained actual damage as a result of Defendant' conduct. Plaintiffs have provided Defendant with notice of its basis of this claim as required by RCW 48.30.015(8). In addition to plaintiffs' actual damages, Defendant is liable for attorney fees and costs under RCW 48.30.015(1), (3). The Court should order Defendant to pay enhanced damages under RCW 16 48.30.015(2).

## DAMAGES

53.

Petitioners reallege and re-aver the allegations contained in Paragraphs 1-44 above as if restated herein.

54.

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Petitioners have incurred the following, non-exclusive damages:

a. Any and all unpaid damages and/or losses to the Property;

b. Diminution of the value of the Property;

SKS LAW PLLC
8106 NE 141st Street
Kirkland, WA 98034
(206) 499-3877
sean@skslawllc.com

c.  Emergency repair, actual repair, remediation, and mitigation costs;

d.  Reimbursement for personal repairs at the Property;

e.  Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

f.  Additional living expenses;

g.  Loss of use;

h.  Mental anguish and emotional distress;

i.  Actual, compensatory, and general damages proximately caused by Defendant's breaches of duties and breaches of contract;

j.  General damages, special damages, punitive damages, statutory penalties, and all other relief delineated in Washington's bad faith laws and claims handling laws and consumer protection laws, including but not limited to RCW 48.30.015, RCW 48.30.010, WAC 284-30-330, WAC 284-30-360, WAC 284-30-370, and WAC 284-30-380, all of which are pled along with all laws of the State of Washington in any way pertaining to contracts, insurance policies, insurance claims, insurance claims handling, insurance policyholder rights, and consumer protections;

k.  Attorney's fees, other professional fees and costs, and litigation costs associated with the bringing of this action; and

l.  All other losses that will be proven through discovery or at the time of trial of this matter.

## **JURY DEMAND**

55.

Petitioners request a trial by jury.

SKS LAW PLLC
8106 NE 141st Street
Kirkland, WA 98034
(206) 499-3877
sean@skslawllc.com

**PRAYER FOR RELIEF**

56.

**WHEREFORE**, Petitioners, Adam Besser and Kelsey Besser, pray that Defendants, Esurance Insurance Company and Allstate Insurance Company, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there by a judgment entered in favor of Petitioners, Adam Besser and Kelsey Besser, and against Defendants, Esurance Insurance Company and Allstate Insurance Company, in an amount that will fully and fairly compensate Petitioners pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

DATED this 13th day of June, 2024.

**RESPECTFULLY SUBMITTED:**

/s/ Sean Skillingstad
SEAN K SKILLINGSTAD,   WSBA No. 49401
SKS Law PLLC
8106 NE 141st ST
Kirkland WA 98034
sean@skslawllc.com
(206) 499-3877

/s/ Christina Henry
Christina Henry,    WSBA 31273
Seattle Consumer Justice, P.S.
10728 16th Ave SW
Seattle, WA 98146-2001
chenry@hdm-legal.com
(206) 330-0595

SKS LAW PLLC
8106 NE 141st Street
Kirkland, WA 98034
(206) 499-3877
sean@skslawllc.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7740